OPINION. Naum, Judge: The principal question for decision is whether Nassau is entitled to a deduction in 1954 for amortization of discount with respect to its debenture notes in accordance with Regulations 118, section 39.22(a)-17 (c).[1] A subsidiary issue, presented in the alternative by the Commissioner in the event that he should be unsuccessful on the main issue, is whether the individual petitioners are required to include in their 1954 income the amount by which the redemption value of the debenture notes increased during that year. Since we have concluded that Nassau is not entitled to the amortization deduction, it becomes unnecessary to consider the Commissioner’s alternative position. We encounter at the outset a sharp conflict between the parties as to the fair market value of the merchandise inventory which Harry Pildes transferred to Nassau. Upon review of the evidence we agree with petitioners that the fair market value of the merchandise was equal to the amount appearing for that item on the balance sheet. However, we do not agree with petitioners that the transaction in question resulted in the creation of any amortizable discount. The entire transaction whereby Harry transferred the assets of his wholly owned wholesale lens business to his wholly owned corporation was entirely lacking in arm’s-length dealing. The allocations of (1) the noninventory assets as consideration for Nassau’s stock, (2) a portion of inventory as consideration for the debenture notes, and (3) the remaining inventory as consideration for Nassau’s assumption of liabilities with the excess ($23,112.74) to be treated as paid-in surplus — all these were simply arbitrary component steps in a single transaction whereby Harry merely exchanged his wholesale lens business for a 100 per cent ownership and control of the corporation that was thereafter to carry on that business. No business reasons appear for the artificial division and allocation of the assets in question. We cannot say on this record that $100,000 of inventory was the true consideration for the $150,000 debenture notes, nor can we say on this record that such notes represented a bona fide indebtedness of Nassau. In Judge Kalodner’s concurring views (joined by Judges Staley and Hastie) in Montana Power Company v. United States, 232 F. 2d 541, 549-550 (C.A. 3), the opinion was expressed that where there is no arm’s-length dealing between the seller and the purchasing corporation, no deduction is available in respect of discount allegedly inhering in the obligations of the purchasing corporation issued for assets transferred to it. We do not find it necessary to decide whether we should follow so sweeping a rule, for in the present case, not only was there an absence of arm’s-length dealing, but the record is lacking in convincing evidence that $100,000 in inventory was in fact the consideration for the debenture notes. The issuance of the notes was merely part of a more comprehensive transaction and the allocation of $100,000 in inventory therefor appears to be completely artificial. Why, for example, was $23,112.74 treated as paid-in surplus? And what business reasons, if any, dictated a division of business assets already wholly owned by Harry so that a portion thereof would be allocated to invested capital (stock) while another portion would be charged to borrowed capital (debenture notes) ? Further, assuming that some such allocation was proper, what business reasons if any justified the allocations in the amounts which Harry undertook to make? The answers to these and other pertinent questions are not to be found in the record before us, and we cannot find that there was in fact any bona fide amortizable discount. Cf. Dodge Brothers v. United States, 118 F. 2d 95 (C.A. 4); Arlcansas-Missouri Power Corporation v. Paschal, 144 F. Supp. 272 (E.D. Ark.), affirmed 243 F. 2d 584 (C.A. 8), certiorari denied 355 U.S. 835. Accordingly, we hold that the deficiency against Nassau was properly determined. In view of this conclusion, it is unnecessary for us to consider other contentions advanced by respondent to the effect that an amortization deduction for bond discount is never available where the obligations are issued for property, or that section 267 of the 1954 Code in any event precludes the deduction. Decision will he entered in Docket No. VOJftlj. for the respondent. Decision will he entered in Docket No. 72132 umder Bule SO. Regs. 118, sec. 39.22(a)-17. Sale and purchase 5y corporation of Us bonds.— «*»***» (c) If bonds are Issued by a corporation at a discount, the net amount of such discount Is deductible and should be prorated or amortized over the life of the bonds * * *